COPENHEFER *v.* METAL SPECIALTY CO. ET AL.

(Decided June 11, 1934.)

*Mr. Roger B. Baxter,* for plaintiff in error.

*Mr. C. W. Baker, Jr., Mr. Fred Bader, Jr., Messrs. Nippert & Nippert* and *Mr. George F. Eyrich,* for defendants in error.

Ross, J.   This case is presented for our consideration on a petition in error and cross-petition in error from a judgment of the Court of Common Pleas, ordering payment by a receiver of debts of a corporation; certain creditors being given priority over others.

The plaintiff in error, John B. Copenhefer, for some time prior to October, 1929, was an employee of the Getgey-Jung Company.   By reason of the financial situation prevailing in the affairs of the corporation at that time, a contract was executed by the stockholders and creditors of the corporation providing that such stockholders should return their stock to the treasury, and new stock be issued to the salary cred-

itors of the company in consideration of their claims against the company. All of the stock then held by the stockholders was assigned to trustees, in whom was vested full and complete control over the same, and, through the holding of such stock, full control over the corporation and its assets.

The other creditors assigned their claims against the corporation to the trustees under a provision that they should be paid by the trustees after the payment of the debts incurred by such trustees in the operation of the company under the trust agreement. The pertinent clause is as follows:

"That the said William Beiser, W. M. Perin and Douglass M. Allen as Trustee, shall collect any and all moneys earned by the Getgey-Jung Company over and above such expenditures as in the judgment of said trustee may be necessary for the operation of said business; that the said trustees shall distribute said money so received pro rata among the creditors, signatories of this agreement, share and share alike, in accordance with the amounts due and owing to each."

The plaintiff in error had been prior to the execution of this agreement receiving a salary of $100 per week, out of which $30 was retained by the company as current payments on stock in the corporation. The contract, in the following words, provided for the carrying on of this arrangement, "and in consideration of the fact that the said J. B. Copenhefer shall after the payment of all debts of said corporation have the right to subscribe for stock in the said corporation or its successor in accordance with such contract as he now holds with the Getgey-Jung Company."

The corporation was reorganized under the name of The Consolidated Specialties Company. Its affairs became more and more involved, and finally a proceeding was instituted to liquidate its affairs.

A receiver was appointed, and the claims of the several creditors were presented. The receiver asked for instructions from the court, and an order was made dividing the claims of creditors into two general classes—the first, those receiving priority, containing the claims created by the trustees after the execution of the agreement; the second class containing those existing before or at the time of the execution of this agreement. The claim of the plaintiff in error was placed in the second class—consisting of those deferred to the payment of claims created by the trustee. The plaintiff in error claims error in such allocation. The cross-petitioner claims that no priority should be made among any of the creditors.

As to this contention of the cross-petitioner, we consider the contract a complete answer. The signatory creditors plainly agreed to the payment of the trustee's creditors before the payment of their indebtedness. It is not even necessary to resort to the doctrine of estoppel to reach such a conclusion. Such is the effect of their contract.

The plaintiff in error contends, first, that he is entitled to a preference over all creditors upon the theory that the sum retained by the trustees of $30 per week became a trust fund for the purchase of stock, and no stock having been tendered, and being in fact reserved by the language heretofore quoted, he is entitled to the fund. No trust fund was set aside. The plain effect of the agreement was that the plaintiff in error was to receive $70 per week and a certain amount of stock. He has a right of action for the stock. He has in effect made no payments to the trustees. He is not entitled to any priority, such as is given the creditors of the trustees, for the obvious reason that he was not a creditor of the trustees. They did not create his indebtedness, if any. It was created,

if at all, by a contract that preceded their activity as trustees. Only the indebtedness created by the trustees is given preference. The plaintiff in error does not fall in this class.

Another consideration is prominent in a determination of the rights of the parties involved. The plaintiff in error was in charge of the books and management of the company, under the administration of the trustees. He was a stockholder signator to the agreement, as well as a creditor signator. An arrangement such as the one provided for, if permitted to result as contended for by plaintiff in error, could be used to produce a most unjust situation. It would be very easy for such an employee, by a stock payment plan, to insure his preference over creditors wholly unaware of its existence and greatly prejudiced thereby.

Our conclusion is that the Court of Common Pleas correctly adjusted the equities presented to it.

*Judgment affirmed.*

HAMILTON, P. J., concurs.